**Jautassa NELSON, Eva S. Martin, Dawn Cieslik, and Doris Kogo, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**CAPITAL ONE BANK and Capital One Financial Corporation, Defendants.**

No. C–01–0079 PJH(EMC).

United States District Court, N.D. California.

Nov. 15, 2001.

Certified for Partial Publication*

Elizabeth J. Cabraser, Kelly M. Dermody and Lori E. Andrus of Lieff, Cabraser, Heimann & Bernstein, LLP, San Francisco, CA, Robert S. Green, Eric H. Gibbs, Ana Saponara, Shelley E. Wharton of Girard & Green, LLP, San Francisco, CA, John L. Burris and Reginald Terrell of the Law Officers of John L. Burris, Oakland, CA, Scott R. Shepard and Natalie Finkelman of Shepard, Finkelman & Gaffigan, LLC, Media, PA, Miles Washington, Oakland, CA, Brian J. Robbins of Cauley, Geller, Bowman & Coates, LLP, San Diego, CA, Artie Baran, San Diego, CA, David Cialkowski of Zimmerman Reed, LLP, Minneapolis, MN, Dennis Stewart, Andrew W. Hutton and Robert J. Gralewski of Milberg, Weiss, Bershad, Hynes & Learch, LLP, San Diego, CA, for Plaintiffs.

James F. McCabe, Andrew D. Muhlbach, James McGuire, Wendy Garbers of Morrison & Foster, LLP, San Francisco, CA, for Defendants.

* Court requests that this Order be only partially published through paragraph 4 and that it not be published from paragraph 5.

## ORDER RE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

CHEN, United States Magistrate Judge.

This class action lawsuit accuses Capital One Bank (hereinafter the "Bank") and its parent company, Capital One Financial Corporation, of violating state and federal law by engaging in certain deceptive and unfair practices relative to credit card accounts. The lawsuit began with two separate complaints. The written discovery at issue herein was propounded by the Bank following the filing of the initial complaints. The plaintiffs responded by filing the instant motion for protective order. Subsequently, a new consolidated complaint (hereinafter the "Consolidated Complaint") was filed with leave of court. Notwithstanding the fact that many of the allegations to which the Bank's discovery was directed have been omitted from or significantly changed in the superseding consolidated complaint, the Bank insists in obtaining responses to its original discovery requests.

The parties met and conferred and have narrowed the issues in dispute. Subsequent to the original motion papers, pursuant to the Court's order, the parties filed a joint statement summarizing their meet and confer efforts and setting forth the remaining issues in dispute.

Having considered the moving and opposing papers, the parties' joint statement, and argument of counsel, the Court makes the following findings:

1. Following the parties' meet and confer efforts, only the following discovery matters are before the Court: the Bank's Request for Admissions (hereinafter "RFA" or "RFAs"), Nos. 5, 6, 10 and 14, and Interrogatories, Nos. 1 through 4, directed to plaintiff Jennifer Nelson.

2. The Bank's contention, that plaintiff Nelson's failure to make timely responses to the Bank's requests for admissions and interrogatories waives her right to object thereto, was not raised in opposition to the motion for protective order and was raised for the first time in the parties' joint statement regarding meet and confer. As the Court indicated, it ordered the joint statement as a means of reporting the meet and confer efforts, not as an opportunity to raise new issues not advanced in the briefing on the motion. Even had the contention been properly raised, the Court would reject it, because plaintiff Nelson timely filed her motion for protective order. While a motion for protective order does not ordinarily prevent a deposition from going forward absent the court's issuance of a protective order, *see Pioche Mines Consol., Inc. v. Dolman,* 333 F.2d 257, 269 (9th Cir.1964), the party responding to *written* discovery may either "object properly or seek a protective order." 8 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2035 (2d ed 1994); Schwarzer, et al., *Federal Civil Procedure Before Trial* § 11:778 (2001) ("[i]nstead of responding, the party to whom RFAs have been directed may promptly move for a protective order"). It would make little sense to hold that in order to preserve objections to written discovery, the responding party must file written objections rather than moving for a protective order. If she merely files objections, the propounding party is forced to file a motion to compel. Filing a motion for protective order rather than serving objections puts the disputed matters at issue as quickly, indeed probably more quickly, than precipitating a motion to compel. Both mechanisms give timely notice to the propounding party of the respondent's objections. The Court does not discern any prejudice to the propounding party resulting from the filing of a motion for protective order rather than objections.[1]

---

1. Responding to a deposition notice is different. There is no analogue in the context of deposition notices to the filing of objections to interrogatories or requests for production of documents. Thus, the practical interchangeability of a motion for protective order and lodging objections to written discovery does not apply to the context of deposition notices. Moreover, as a practical matter, disputes over written discovery requests

are often detailed and complex involving analysis of numerous legal issues embedded in multiple requests; it takes time for the court to resolve these disputes, making it difficult to complete resolution prior to the due date of the response to the discovery request. Moreover, the time and efficacy of resolving those disputes is not materially affected by whether the vehicle is a motion to compel or motion for protective order. In

3. The four RFAs at issue coupled with Interrogatory No. 1, which requires plaintiff Nelson to state all facts, circumstances, information, opinions or legal theories on which she bases her responses is appropriately analyzed per the court's analysis of contention interrogatories in *In re Convergent Technologies*, 108 F.R.D. 328 (N.D.Cal.1985). The relevant factors in the analysis include: (1) whether the request requires the attorney to disclose theories, mental impressions, or work product; (2) whether the information is in the hands of the proponent or respondent; (3) whether it makes sense to seek the information at an early stage of the litigation before substantial discovery has occurred; (4) how does the request made at this stage further the adjudication of the case; and (5) whether the benefits of the early request outweigh the burden in responding. *See Convergent Technologies*, 108 F.R.D. at 332–40. Moreover, as with all discovery, such requests are governed by the principle of proportionality under which consideration must be given to alternative, more efficient means of obtaining the information. *See id.* at 339.

4. The four RFAs all relate to specific allegations of the original complaint. None of the allegations entailed in RFAs Nos. 6, 10 and 14 are found in the Consolidated Complaint which was filed pursuant to the District Court's order and supersedes the original complaint. The allegations of RFA No. 5 were significantly changed in the Consolidated Complaint. The Court fails to see how RFAs coupled with contention interrogatories directed at allegations no longer contained in the operative complaint substantially furthers the litigation at this stage, particularly given the burdensome nature of the discovery request. In view of the precision required in crafting RFAs and responses thereto, the Court fails to see the utility of these now obsolete RFAs. Simply put, when the allegations at issue have been removed, requests for admissions and interrogatories directed specifically at those allegations lack foundation. Nor does the Court see why the Bank does not simply propound new discovery directed at the relevant operative pleading. While the Bank claims it has an interest in determining whether some of the old allegations might still be lurking as part of plaintiff Nelson's proof or theory of the case, the utility of such information is tangential at best and, in any event, could be obtained much more efficiently and directly by focusing discovery on the current pleadings. The Bank also contends it possesses the right to know whether plaintiff Nelson had any basis for asserting the allegations she now omits from the Consolidated Complaint, because this may inform the question of adequacy of class representative and counsel. However, this argument has adverse policy considerations. It threatens to penalize plaintiffs who in good faith amend their complaint in an effort to streamline their complaint, refine their legal theories, or who in candor discover facts to be different than otherwise believed in good faith. Thus burdensome discovery should not be permitted based on mere speculation that the original allegations were not made in good faith. Moreover, the Bank possesses more direct and efficient means of testing the adequacy of a class representative, e.g., her deposition. The Court therefore quashes all four RFAs.

5. **

---

contrast, dispute over whether a party should be subject to a deposition generally involves fewer issues and is more amenable to expeditious resolution prior to the date of the deposition where adequate notice is given. Thus, there is good reason for treating deposition disputes different from written discovery disputes.

** See footnote *, *ante.*